IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| JOHNNY GANT, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 3:12-cv-503 |
| ) | |
| THE STATE OF TENNESSEE, *et al.*, ) | Judge Trauger |
| ) | Magistrate Judge Bryant |
| Defendants. ) | |

**REPORT AND RECOMMENDATION**

Plaintiff Johnny Gant brings this action *pro se*. The matter has been referred to the undersigned by District Judge Aleta Trauger for case management and all pretrial proceedings pursuant to 28 U.S.C. § 636 and Rule 72 of the Federal Rules of Civil Procedure.

Because the complaint was filed *in forma pauperis*, the first order of business is to conduct an initial review of the complaint as required by 28 U.S.C. § 1915(e)(2). *Brown v. Bargery*, 207 F.3d 863, 866 (6th Cir. 2000). In conducting this review, the court is to identify any cognizable claims and to dismiss the complaint, or any portion thereof, prior to service on the defendants, to the extent it is frivolous or malicious, fails to state a claim for which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). Applying these standards, I find that the complaint states potentially viable claims against defendant Metropolitan Development and Housing Agency ("MDHA") under 42 U.S.C. § 1983, § 504 of the Rehabilitation Act, and the Tennessee Human Rights Act ("THRA") and that these claims should be permitted, at this stage, to proceed. I further recommend that all other claims in the complaint be dismissed, for the reasons set forth herein. In addition, I recommend that the plaintiff's motions for emergency injunctive relief (ECF Nos. 3 and 11) be denied as moot.

A. **Factual Allegations in the Complaint and Other Filings**

The complaint names as defendants the Metropolitan Government of Nashville, the "State and Federal Gov.," "MDHA," "Metro Water," "Big Bro's," "Legal Aid," and the "TN Fair Housing Comm." In an amendment to the complaint, the plaintiff adds as a defendant "Mr. or Mrs. Short," who allegedly owns the property from

which the plaintiff was evicted.[1]  The plaintiff purports to state claims against these defendants under the Hatch Act, 5 U.S.C. § 7324, and also seeks to assert claims for harassment of a person and falsifying a record under the Model Penal Code § 224.4, and 18 U.S.C. §§ 1506, 2071--2073.  The plaintiff later amended his complaint to "include the Federal Tort Claims Act and the Tucker Act (FTCA) 28 U.S.C. §§ 2671–2680, 28 U.S.C. §§ 1356 [and] 1491."  (ECF No. 8, at 1.)  He also asserts that the defendants' actions violated § 504 of the Rehabilitation Act, Title VI of the Civil Rights Act of 1964, Tenn. Code Ann. § 4-21-904, 42 U.S.C. §§ 1983 and 1985, and the Fourth, Fifth, and Fourteenth Amendments to the United States Constitution.

The complaint itself is largely incoherent, but the court's understanding of the plaintiff's allegations is bolstered by the exhibits submitted with a motion to amend the complaint, filed a few days after the complaint itself.  In short, the plaintiff alleges that he received a letter from MDHA dated December 29, 2011, giving him notice that his Section Eight rental assistance would terminate effective January 31, 2012 based on the plaintiff's "violation of family obligations."  (ECF No. 6, at 3.)  The letter further explained that the plaintiff's water bill was to be in his name by January 14, 2012, and that he was to "report to the section 8 when the water bill is placed in your name."  In other words, the letter indicated that, if the plaintiff satisfied this requirement, then his rental assistance would not be terminated.

The plaintiff attempted to comply with this demand.  On January 9, 2012, he applied to Big Brothers of Nashville for assistance with his utility bill.  A copy of the application was filed with the court.  On this document, the plaintiff specified that he was a disabled adult seeking assistance with his water bill, and specifically with the deposit due on his water bill.  (*Id.* at 23 (copy of the plaintiff's Assistance Application to Big Brothers of Nashville, requesting help with paying the past due amount of $29.00 and a deposit of $100.00, for a total of $129.00).)  Whether because this request was not made clear, or was overlooked by the Big Brothers employee who processed the application, or because the request was outside the scope of assistance provided by Big Brothers, Big Brothers paid $30.00 toward the plaintiff's bill with Metro Water Services but did not pay the $100.00 deposit that was due.  (*Id.* at 24 (Big Brothers receipt showing that plaintiff's application was "granted" and paid in the amount of $30 on 2/6/2012); *see also id.* at 22 (Metro

---

[1] In a "Notice of Filing Defendants' Addresses," the plaintiff indicates this defendant's name is Jo Ann Short, but it is not clear whether the plaintiff is confusing Short with JoAnn Jones, who signed an eviction notice letter to the plaintiff on behalf of Pat Clark, Director of Rental Assistance for MDHA.  (See ECF No. 6, at 3.)

Water Services account statement for Johnny Gant as of 2/2012, showing that a $30.00 payment was received on February 15, 2012, but that the plaintiff owed $114.70, including current charges of $14.70 and an additional $100.00).) The plaintiff specifically alleges that the person with whom he dealt at Big Brothers called him to notify him that the bill had been paid. The plaintiff asked her about the request for payment of the deposit, to which the caller responded that she had not seen that request on the application, and that it was not paid. As a result, the plaintiff did not submit payment of the $100 deposit due to Metro Water Services. The court infers from the plaintiff's filings that, as a result of Big Brothers' failure to pay the deposit, the water services bill was not placed in the plaintiff's name in time for the plaintiff to avoid termination of his housing assistance as of January 31, 2012.

In his motion for an emergency injunction, submitted with his complaint, the plaintiff states that Metro Water Services did eventually put the water account in the plaintiff's name but refused to waive the $100 deposit. (ECF No. 3, at 1.) The plaintiff suggests that this refusal is "[s]eemingly due to one relatives discrimination suit there Darrell Gant v. Metro Water." (*Id.*) The plaintiff also complains that Big Brothers has paid other people's utility deposits, so he does not understand why the organization did not pay his deposit.

In any event, MDHA terminated the plaintiff's rental assistance. Thereafter, apparently because the plaintiff was no longer able to pay his rent, the landlord, whose last name is Short, instituted eviction proceedings. In his original complaint, which was filed May 17, 2012, the plaintiff stated that he would be evicted on May 21st if he did not move before that. In his motion for an emergency injunction (ECF No. 3), the plaintiff requested an injunction "to all parties involved" to preclude his eviction until resolution of this case. The plaintiff subsequently filed a document entitled "Emergency Injunction and Motion to Add Party Defendants" (ECF No. 11) stating that he had been evicted on May 23, 2012.[2] The plaintiff alleges that when he was evicted, he was unable to retrieve all his belongings because he could not afford a U-Haul. As a result, many of his belongings were stolen or lost. He requests an emergency injunction to permit him to be allowed to enter the property and retrieve the rest of his belongings.

The plaintiff also seeks reinstatement of his Section Eight voucher, and compensatory and special punitive damages of twenty million dollars against each of the defendants.

---

[2] He also provided his new address to the court.

**B.     Legal Standards**

Under 28 U.S.C. § 1915(e), the court must dismiss any portion of a civil complaint filed *in forma pauperis* asserts claims that fails to state a claim upon which relief can be granted. The Sixth Circuit has confirmed that "the dismissal standard articulated in [*Ashcroft v. Iqbal*, 556 U.S. 662 (2009),] and [*Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007),] governs dismissals for failure to state a claim under [§ 1915(e)] because the relevant statutory language tracks the language in Rule 12(b)(6)." *Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010). Thus, to survive scrutiny under § 1915(e), "a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). "[A] district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)). "But the district court need not accept a 'bare assertion of legal conclusions.'" *Id.* (quoting *Columbia Natural Res., Inc. v. Tatum*, 58 F.3d 1101, 1109 (6th Cir. 1995)). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555, 557).

Although the undersigned recognizes that *pro se* pleadings are to be held to a less stringent standard than formal pleadings drafted by lawyers, *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972); *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991), "[o]ur duty to be 'less stringent' with pro se complaints does not require us to conjure up unpled allegations." *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979) (citation omitted).

**C.     Analysis and Discussion**

On initial review, the court must determine whether the plaintiff states colorable claims over which this court has jurisdiction against the individuals and entities named as defendants. The defendants are Metropolitan Government of Nashville, the "State and Federal Gov.," "MDHA," "Metro Water," "Big Bro's," "Legal Aid," the "TN Fair Housing Comm." and "Mr. or Mrs." Short. The legal theories for relief include the Hatch Act, 5 U.S.C. § 7324; Model Penal Code § 224.4; 18 U.S.C. §§ 1506, 2071--2073; the Federal Tort

Claims Act, 28 U.S.C. §§ 2671–2680; 28 U.S.C. §§ 1356 and 1491; 504 of the Rehabilitation Act; Title VI of the Civil Rights Act of 1964; the Tennessee Human Rights Act, Tenn. Code Ann. § 4-21-904; and 42 U.S.C. §§ 1983 and 1985.

The claims against all but one of the defendants may be summarily dismissed without much discussion. The complaint alleges vaguely that the landlord, Short, evicted him and harassed him, but the plaintiff does not indicate that the landlord discriminated against him improperly or violated federal law. The allegations in the complaint suggest only that the plaintiff was evicted for failure to pay his rent. The plaintiff therefore fails to state a claim for which relief may be granted as to Short.

The plaintiff alleges "collusion" between Big Brothers and Metro Water Services, but these allegations are purely speculative. The plaintiff does not allege that Metro Water took any action or failed to take any action that violated his rights or caused him injury. He does not allege that the charges on his water bill were improper or incorrect, or even that his water service was terminated for failure to pay his bill. Big Brothers of Nashville, a non-profit organization, paid the plaintiff's water bill on one occasion. The plaintiff complains that Big Brothers failed to comply with his request that it also pay the $100 deposit he owed, but he does not suggest how Big Brothers's failure to pay that debt violated the plaintiff's federal rights. At worst, the failure appears to have been the result of a mistake or misunderstanding. The claims against Big Brothers and Metro Water Services are subject to summary dismissal for failure to state a claim for which relief may be granted by this court.

The plaintiff names Legal Aid and the Tennessee Fair Housing Commission (whose actual name is the Tennessee Fair Housing Council) but, again, does not suggest what actions or inactions these entities might have taken or failed to have taken that violated his rights or caused him injury. The claims against these defendants are subject to dismissal.

The plaintiff likewise fails to state a cause of action against the State of Tennessee, the United States, or the Metropolitan Government of Nashville and Davidson County, Tennessee, again because the factual allegations do not suggest that these entities or any representative of these entities took any action or failed to take any action that might have violated the plaintiff's rights or caused him injury.

Most of the plaintiff's theories of recovery may also be summarily dismissed as having no application to the facts alleged here. For instance, the Hatch Act prohibits U.S. government employees from engaging

in political activity while on duty.  The plaintiff's factual allegations do not implicate the Hatch Act, and the complaint therefore fails to state a colorable claim under the Hatch Act.

The Model Penal Code § 224.4 concerns tampering with records, but it does not create a private cause of action.  The complaint does not state a claim for relief under the Model Penal Code.

Each of the statutory provisions under Title 18 identified by the plaintiff are federal criminal statutes.  Generally, violations of the criminal code may not serve as the basis for a civil cause of action unless the statute includes an express or implied private right of action.  *Cort v. Ash*, 422 U.S. 66, 79 (1975); *see Hill v. Didio*, 191 F. App'x 13, 14 (2d Cir. 2006) ("A private individual may bring suit under a federal [criminal] statute only when Congress specifically intended to create a private right of action"); *Hamilton v. Reed*, 29 F. App'x 202, 204 (6th Cir. 2002) ("These particular statutes [including 18 U.S.C. § 1506] concern criminal, rather than civil, offenses.  Thus, a private cause of action may not be brought for the alleged violations of these federal statutes.").  None of the referenced provisions creates a private cause of action, so the claims brought under these statutes are subject to dismissal for failure to state a claim.

The Federal Tort Claims Act, 28 U.S.C. §§ 2671–2680 and 1436 ("FTCA"), waives the United States' immunity to suit and confers exclusive jurisdiction to the district courts over claims against the United States for money damages for injury, loss of property, personal injury or death caused by the negligent or wrongful act or omission of any employee of the United States government while acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act of omission occurred.  The FTCA does not create causes of action against the United States (or any other party).  *United States v. Cundiff*, 555 F.3d 200, 217 (6th Cir. 2009).  "Rather, it 'constitutes consent to suit and is fundamentally limited to cases in which a private individual [would be liable] under like circumstances.'"  *Id.* (quoting *Myers v. United States*, 17 F.3d 890, 894 (6th Cir. 1994)). The plaintiff has not alleged facts that implicate the FTCA in this case, principally because he has not alleged that any action of a federal employee or federal agency gave rise to his claims.

28 U.S.C. § 1491 simply has no application to this case.  It pertains to the jurisdiction of the Court of Federal Claims, *id.* § 1491(a), and to the Claims Court's and district court's jurisdiction over "action by an interested party objecting to a solicitation by a Federal agency for bids or proposals for a proposed contract or to a proposed award or the award of a contract or any alleged violation of statute or regulation in connection

with a procurement or a proposed procurement." *Id.* § 1491(b)(1). The claims under this statute are likewise subject to dismissal.

The plaintiff fails to state a claim under 42 U.S.C. § 1985, because he does not allege facts suggesting a conspiracy to interfere with his civil rights.

Title VI of the Civil Rights Act of 1964 provides in pertinent part:

> No person in the United States shall, on the ground of race, color, or national origin, be excluded from participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance.

42 U.S.C. § 2000d. To state a claim under Title VI, a plaintiff must allege intentional discrimination on the basis of one of the grounds enumerated in the statute. *Alexander v. Sandoval*, 532 U.S. 275, 280–81 (2001) (citing *Regents of Univ. of Cal. v. Bakke*, 438 U.S. 265, 287 (1978)). Nowhere in the complaint does the plaintiff identify his race, color or national origin, or allege facts suggesting that he was subject to housing discrimination on the basis of race, color or national origin. The plaintiff therefore fails to state a claim under Title VI.

The remaining question, then, is whether the plaintiff's allegations are sufficient to state a colorable claim under the Rehabilitation Act, 42 U.S.C. § 1983, or the THRA against MDHA as the local agency charged with administering a housing program that receives federal funds. With regard to these claims, the court notes that the complaint does not actually allege that the plaintiff is disabled, but the Big Brothers application submitted as an exhibit to the complaint indicates that the plaintiff is disabled. Further, the plaintiff's allegations suggest that MDHA could and should have made an accommodation for him in light of his disability, by excusing his inability to pay the $100 deposit due on his water services bill before terminating him from its housing assistance program. Although the factual basis for the plaintiff's claims is very thin, this court gives the plaintiff the benefit of the doubt at this stage in the proceedings, and finds that the plaintiff has stated a colorable claim for disability discrimination in housing against MDHA under § 504 of the Rehabilitation Act, 42 U.S.C. § 1983, and possibly under the THRA as well.

Finally, the plaintiff's two motions for an emergency injunction (ECF Nos. 3 and 11) remain pending. Because the plaintiff has already been evicted and is living elsewhere, his request for an injunction to prevent his eviction (ECF No. 3) has been mooted. In addition, his request for an emergency injunction against the landlord to permit him to retrieve any possessions that remained at his prior residence has been mooted as

a result of the court's finding that the complaint fails to state a colorable claim against the landlord. Both motions for an emergency injunction should therefore be denied as moot.

### D. Recommendation

In light of the foregoing, the undersigned recommends as follows:

1. That all claims against the Metropolitan Government of Nashville and Davidson County, the State of Tennessee, the United States, Metro Water Services, Big Brothers, Legal Aid, the Tennessee Fair Housing Council, and Jo Ann Short be dismissed for failure to state a claim for which relief may be granted;

2. That the claims against MDHA under 5 U.S.C. § 7324; Model Penal Code § 224.4; 18 U.S.C. §§ 1506, 2071--2073; and 28 U.S.C. §§ 2671–2680, 1356 and 1491 be dismissed with prejudice for failure to state a claim for which relief may be granted;

3. That the claims against defendant MDHA under Title VI of the Civil Rights Act of 1964 and 42 U.S.C. § 1985 be dismissed without prejudice for failure to state a claim for which relief may be granted;

4. That the claims against defendant MDHA under § 504 of the Rehabilitation Act, 42 U.S.C. § 1983, and the THRA be permitted to proceed, and that the Clerk be instructed to issue process and serve the complaint upon this defendant;

5. To the extent the complaint might be construed to assert any additional theories of recovery against any of the defendants, that these claims be dismissed without prejudice; and

6. That the plaintiff's motions for emergency injunction (ECF Nos. 3 and 11) be denied as moot.

The plaintiff has fourteen days from receipt of the Report and Recommendation in which to file any written objections to it with the District Court. Fed. R. Civ. P. 72(b)(2). Failure to file specific objections within fourteen days of receipt of this Report and Recommendation can constitute a waiver of further appeal of this Recommendation. *Thomas v. Arn*, 474 U.S. 140 (1985); *Cowherd v. Millon*, 380 F.3d 909, 912 (6th Cir. 2004) (en banc).

*s/ John S. Bryant*
John S. Bryant
United States Magistrate Judge