IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| JOHNNY GANT, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 3:12-cv-503 |
| | ) | |
| THE STATE OF TENNESSEE, et al., | ) | Judge Trauger |
| | ) | Magistrate Judge Bryant |
| Defendants. | ) | |

To: The Honorable Aleta A. Trauger, District Judge

REPORT AND RECOMMENDATION

I. Introduction

By order entered May 23, 2012 (Docket Entry No. 9) this matter was referred to the undersigned for case management and to recommend ruling on any dispositive motion.

Plaintiff Johnny Gant filed the complaint in this action *in forma pauperis* on May 17, 2012. Plaintiff brings this action *pro se*. Pursuant to 28 U.S.C. § 1915(e)(2), this Court conducted an initial review of the complaint to identify any cognizable claims and to dismiss any portion of the complaint to the extent that it is frivolous or malicious, fails to state a claim for which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. This Court dismissed most of the claims in the complaint except a few select claims against the Metropolitan Development Housing Agency ("MDHA") under 42 U.S.C. § 1983, § 504 of the Rehabilitation Act, and the Tennessee Human Rights Act ("THRA").

The essence of the plaintiff's complaint appears to be that there was a "discriminatory

1

basis" for MDHA's termination of his rental assistance. (Docket Entry No. 1 at 3). The complaint contains no allegations to serve as the basis for MDHA's discriminatory behavior, but for the purposes of its frivolity review, this Court found a colorable claim that MDHA discriminated against the plaintiff on the basis of an alleged disability, based on an application for assistance to Big Brothers indicating that the Plaintiff is a "disabled adult," which was attached to the amended complaint (Docket Entry No. 1; Docket Entry No. 6 at 23).

MDHA filed a Motion to Dismiss for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6) on February 19, 2013. Plaintiff failed to respond to the Defendant's motion to dismiss. For the reasons stated herein, the undersigned recommends that the motion to dismiss be GRANTED.

II. Factual Background

On December 29, 2011, MDHA sent the Plaintiff a notice that his Section 8 rental assistance would be terminated unless he placed his water bill in his own name. (Docket Entry No. 6 at 3). It is not clear from the complaint when the plaintiff attempted to move the bill into his name, but an attachment to the complaint appears to show that the account was in his name on February 21, 2012. (Docket Entry No. 6 at 22). The Plaintiff's rental assistance was terminated on January 31, 2012. (Id. at 3; Docket Entry No. 1 at 3). Additionally, the Plaintiff applied to Big Brothers of Nashville for assistance paying his water bill on January 9, 2013 (Docket Entry No. 6 at 23). On his assistance application, the Plaintiff checked that he was a "disabled adult" and identified his ethnicity as "other." Id. The Plaintiff then filed a complaint in this Court against MDHA, the State of Tennessee, the federal government, Metro Water, Big

Brothers of Nashville, Legal Aid, and the Tennessee Fair Housing Commission, claiming that the defendants colluded against him and violated certain rights (Docket Entry No. 1 at 3; Docket Entry No. 6; Docket Entry No. 8). The complaint seeks reinstatement of the Plaintiff's Section 8 vouchers as well as monetary damages of $20 million from each defendant.

### III. Legal Conclusions

### A. Standard of Review

In reviewing a motion to dismiss for failure to state a claim upon which relief can be granted under Fed. R. Civ. P. 12(b)(6), the court must view the complaint in the light most favorable to the plaintiff, accepting all well-pleaded factual allegations as true. Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). Although Fed. R. Civ. P. 8(a)(2) requires merely "a short and plain statement of the claim," the plaintiff must allege enough facts to make the claim plausible. Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 556 (2007). He must plead well enough to ensure that his complaint is more than "a formulaic recitation of the elements of a cause of action." Id. At 555. "The factual allegations, assumed to be true, must do more than create speculation or suspicion of a legally cognizable cause of action; they must show entitlement to relief." League of United Latin American Citizens v. Bredesen, 500 F.3d 523, 527 (6th Cir. 2007). Nevertheless, this Court need not accept legal conclusions or unwarranted factual inferences as true, Iqbal, 556 U.S. at 677-78; Morgan v. Church's Fried Chicken, 829 F.2d 10, 12 (6th Cir. 1987), and a complaint containing mere legal conclusions alone will "not unlock the doors of discovery for a plaintiff." Iqbal, 556 U.S. at 678. While a pro se complaint is to be "liberally construed" and "must be held to less stringent standards than formal pleadings drafted by lawyers," Erickson v.

3

Pardue, 551 U.S. 89, 94 (2007) (quoting Estelle v. Gamble, 429 U.S. 97, 106 (1976)), "basic pleading essentials" must still be met. See Wells v. Brown, 891 F.2d 591, 594 (6th Cir. 1989).

While the claims challenged here survived this Court's frivolity review, this Court may still grant defendant MDHA's 12(b)(6) motion. See e.g., Archibald v. Metro. Gov't of Nashville & Davidson Cnty., 3:11-0728, 2012 WL 3000137 at *5 (M.D. Tenn. July 23, 2012) report and recommendation adopted, 3-11-0728, 2012 WL 3283480 (M.D. Tenn. Aug. 10, 2012) (dismissing claims that had previously passed the frivolity review because "the allegations lack any factual specificity and are conclusory" and the court was "left to guess" at how the alleged harm occurred).

B. Analysis of Defendant's Motion.

Defendant Metropolitan Development Housing Agency seeks to dismiss the Plaintiff's complaint against it pursuant to Fed. R. Civ. P. 12(b)(6), for failing to state a claim upon which relief can be granted. (Docket Entry No. 36).

Specifically, MDHA asserts that (1) the Plaintiff does not allege that he qualifies for protection as a disabled or handicapped person under the THRA or the Rehabilitation Act, (2) the Plaintiff does not allege facts to establish a violation of the THRA, (3) the Plaintiff fails to allege facts to establish a violation of the Rehabilitation Act, and (4) the Plaintiff fails to state a claim under 42 U.S.C. § 1983. For the following reasons, the undersigned finds that the Defendant's motion to dismiss should be GRANTED.

    a. Plaintiff's claim under the THRA

The Tennessee Human Rights Act prohibits discriminatory housing practices based on a number of protected classes, including race, color, creed, religion, sex, disability, familial status

or national origin. TENN. CODE ANN. § 4-21-601. The term "disability" is defined in THRA as (I) a physical or mental impairment that substantially limits one or more such person's major life activities (ii) a record of having such an impairment; or (iii) being regarded has having such an impairment. TENN. CODE ANN. § 4-21-601(3)(A).

To state a claim for disability discrimination under the THRA, the Plaintiff must allege sufficient facts to show that he qualifies as a person protected by the statute. See Bennet v. Nissan North America, Inc. 315 S.W.3d 832, 841 (Tenn Ct. App. 2009); Cecil v. Gibson, 820 S.W.2d 361, 364 (Tenn. Ct. App. 1991) (construing Tennessee anti-discrimination statutes including the THRA). If sufficient facts are shown that the plaintiff qualifies as a protected person, he must then plausibly allege that he was discriminated against because of his disability. C.f. West v. Genuine Parts Company d/b/a Napa, 3:11-CV-252, 2011 WL 4356361, *5 (E.D. Tenn. 2011) (dismissing a THRA employment discrimination claim where "plaintiff has not alleged...whether there was a causal connection between the alleged protected activity and the materially adverse employment action.").

The Plaintiff's pleadings do not allege a violation of any specific provision of the THRA or assert any alleged basis for discrimination. The Plaintiff does not identify his own race, color or national origin or allege facts that suggest he was subject to housing discrimination on the basis of race, color, or national origin. There are no facts alleged in the complaint that even suggest how the plaintiff was discriminated against.

These claims survived the § 1915(e)(2) review because of an inference drawn from an attachment to the complaint, which was an application for assistance to Big Brothers indicating that the Plaintiff is a "Disabled Adult." (Docket Entry No. 6 at 23). However, the complaint does

5

not contain any allegation about how he is disabled or handicapped under the statutory definitions. Without a statement of what protected class the Plaintiff is a member, there are no alleged facts that show that the Plaintiff qualifies as a person protected by the THRA.

Even if the complaint plausibly suggests that the Plaintiff is disabled under the THRA, the Plaintiff alleges no facts indicating that he was discriminated against because of that disability. The Plaintiff asserts that the Defendant had a "discriminatory basis" and acted with "bias" when terminating his rental assistance. However, these are conclusory statements with no alleged facts to support them.

Because the Plaintiff fails to allege any facts to substantiate his conclusory statements, he fails to state a claim on which relief can be granted under the THRA.

      b. <u>Plaintiff's claim under the Rehabilitation Act</u>

Section 504 of the Rehabilitation Act reads "no otherwise qualified handicapped individual... shall, solely by reason of her or his handicap, be excluded from participation in, be denied benefits of, or be subject to discrimination under any program... receiving Federal financial assistance...." 29 U.S.C. § 794.

For a claim under Section 504 of the Rehabilitation Act, the Plaintiff must show (1) that he has a disability, (2) that he was otherwise qualified for participation in the program, (3), that he was denied the benefits of the program solely by reason of his disability, and (4) that the relevant program is receiving federal financial assistance. <u>Brown v. Campbell Co. Bd. Of Educ.</u>, 915 S.W.2d 407, 418 (Tenn. 1995). Failure to make a "reasonable modification" to the program's policies for a disabled person can constitute discrimination under the Rehabilitation Act. 28 C.F.R. § 35.130(b)(7) (2011).

While Section 8 vouchers are federally funded assistance under 42 U.S.C. § 1437f, the allegations of the complaint fail to satisfy any other element of the Plaintiff's claim under the Rehabilitation Act. As stated above, the Plaintiff alleges no facts to suggest that he is disabled, nor that his alleged disability was the cause of the removal of his Section 8 benefits. The Plaintiff's assertions that MDHA's actions had a "discriminatory basis" are conclusory and have no facts to support them. Further, the complaint does not state any facts that even suggest that the Plaintiff's alleged disability was the *sole* reason that his Section 8 benefits were discontinued.

The Plaintiff suggests no reasonable accommodation that he requested or otherwise expected to be made in regards to his alleged disability. He requested assistance from Big Brothers of Nashville in paying his water bill, but the payment of his water bill is not related to his claim against MDHA.

Because the Plaintiff fails to allege any facts to substantiate his conclusory statements, he fails to state a claim on which relief can be granted under the Rehabilitation Act.

      c. <u>Plaintiff's claim under 42 U.S.C. § 1983</u>

42 U.S.C. § 1983 provides a civil remedy to a party whose federal constitutional or statutory rights are violated under color of state law. <u>Maine v. Thiboutot</u>, 448 U.S. 1, 4 (1980). To state a claim under § 1983, the plaintiff must allege and show: (1) that he was deprived of a right secured by the Constitution or laws of the United States; and (2) that the deprivation was caused by a person acting under color of state law. <u>Parratt v. Taylor</u>, 451 U.S. 527, 535 (1981); <u>Flagg Bros. v. Brooks</u>, 436 U.S. 149, 155–56 (1978); <u>Black v. Barberton Citizens Hosp.</u>, 134 F.3d 1265, 1267 (6th Cir. 1998). Both parts of this two-part test must be satisfied to support a

claim under § 1983. See Christy v. Randlett, 932 F.2d 502, 504 (6th Cir.1991). Further, in the context of civil rights claims, conclusory allegations of unconstitutional conduct without specific factual allegations fail to state a claim. Harden-Bey v. Rutter, 524 F.3d 789, 796 (6th Cir. 2008).

The complaint broadly lists constitutional rights that have allegedly been violated, but does not identify in what manner this has been done. For instance, the Complaint reads "The 14th Amendment. 4th and 5th arises as this basis. The abridgement of privileges, immunities, deprivation of life, liberty, property. Denied of person within jurisdiction the Equal protections... terminated without probable cause." (Docket Entry No. 1 at 4). It appears that the Plaintiff is claiming that the MDHA did not have cause to terminate his Section 8 rental assistance. However, simply listing the rights that the plaintiff believes have been violated is not sufficient to survive a motion to dismiss; the plaintiff must allege specific facts that support his assertions. See Raymond v. O'Connor, No. 12-4073, 2013 WL 1955896, at *3 (6th Cir. May 14,2013) (unpublished) (dismissing a complaint for failing to state facts that supported a list of alleged violations of the plaintiff's constitutional rights). "Threadbare recitals of the elements of a cause of action supported by mere conclusory statements to not suffice" to survive a motion to dismiss for failure to state a claim. Iqbal, 556 U.S. at 678.

The Plaintiff's 4th, 5th, and 14th amendment claims are conclusory and are made without the support of factual allegations. The only federal statutory rights that the Plaintiff has identified are in § 504 of the Rehabilitation Act. As stated above, the Plaintiff does not provide facts to support his claim under the Rehabilitation Act.

Because the Plaintiff fails to allege any particular facts to support his conclusory claims that his constitutional and statutory rights have been violated, he fails to state a claim upon

which relief can be granted under 42 U.S.C. § 1983.

IV. Recommendation

For the reasons stated herein, the undersigned hereby recommends that the Defendant Metropolitan Development Housing Agency's motion to dismiss for failure to state a claim (Docket Entry No. 36) be GRANTED.

Any party has fourteen (14) days from receipt of this Report and Recommendation in which to file any written objections to do with the District Court. Any party opposing said objections shall have fourteen (14) days from the receipt of any objections filed in which to file any responses to said objections. Failure to file specific objections within fourteen (14) days of receipt of this Report and Recommendation can constitute a waiver of further appeal of this Recommendation. <u>Thomas v. Arn</u>, 474 U.S. 140 (1985); <u>Cowherd v. Million</u>, 380 F.3d 909, 912 (6th Cir. 2004) (en banc).

ENTERED this 8th day of July, 2013.

       s/ John S. Bryant
       JOHN S. BRYANT
       UNITED STATES MAGISTRATE JUDGE